Upon the trial the plaintiff proved, satisfactorily and clearly to the Court, the speaking of the words, and within six months before the commencement of the action.
The defendant attempted to prove justification, in which, in the opinion of the court, he wholly failed; and the plaintiff, in the opinion of the Court, was entitled to exemplary damages.
One of the jurors was called by defendant as to the time of speaking the words, who, in the opinion of the court, from other evidence, was clearly mistaken in his evidence.
The jury found that the action was not commenced within six months of the speaking of the words, and upon a motion for a new trial, the point is referred to the Supreme Court.
The case was submitted without argument.
We entertained some doubts, on first reading this case, whether it was competent in the Court to award a new trial, but not finding, upon examination of the authorities, any that can justly be considered as opposing it, and the reason and justice of the thing being clearly the other way, we think the case ought to be submitted to the consideration of another jury. It is very difficult to lay down any general rule on this subject, on account of the numerous exceptions which the ever varying circumstances of cases continually furnish, which must, after all, influence the legal discretion of the court, (257) as directed to the furtherance of justice. The practice of the courts in Westminster Hall has been gradually acquiring liberality in granting new trials in cases of tort, where the damages are excessive. In Beardmore v. Carrington, 2 Wils., 2144, it was said there was no case to be found where the Court had granted a new trial for excessive damages in a case of tort; and though the power of doing so was not denied, yet it was said it ought not to be exercised but in flagrant and extreme cases. In Dubberly v. Gunning, 4 Term, 651, which was an action of crim.con., the Court refused to grant a new trial, although they thought the damages excessive. But in an action of assault and battery, which occurred soon afterwards, they granted a new trial for excessive damages, saying that the case of Dubberly v. Gunning was sui generis, and that the Court were not unanimous. 5 Term, 257. And there are several cases where, though the Court refused a new trial, they admitted their power to grant it if the damages had been greatly disproportionate to the injury received. 3 Bur., 1845; 2 Bl., 184. It would appear from these authorities that the Court have power to interfere in all cases of tort, except crim. con., respecting which a notion prevailed that the jury were the uncontrollable judges of the damages, as they were given for wounded feelings and the loss of happiness, the *Page 199 
extent of which only the jury could estimate. This exception, however, seems no longer to exist, for in a late case it is said that if it appeared from the amount of the damages, as compared with the facts laid before the jury, that the jury acted under the influence either of undue motives or some gross error or misconception of the subject, it would be the duty of the Court to grant a new trial. 6 East, 256.
There is a dictum of Lord Holt's cited in Comyn's Pleader, R. 17, that a new trial is not usually granted in an action of slander. The case appears, by the report in Salkeld, to have occurred 8 Wil., 3, and as the same thing is said by the same judge, at other times, it was probably the law and practice of that day. Holt's Rep., 704. But in a case that occurred about forty-three years afterwards, on a motion to set aside a verdict on account of the smallness of the damages in an action of slander, the Court state that verdicts had been (258) frequently set aside for excessive damages, but they knew of no precedent for setting them aside for the other cause, though they acknowledge the reason to be equally strong in both cases. Barnes, 445. And it may be inferred from subsequent decisions that these actions were governed by the same principles with all other actions of tort with respect to new trials. In an action for words which were fully proved, the jury found a verdict for the defendant. On a motion for a new trial, LordMansfield, who tried the cause, reported that he expected a verdict for plaintiff, but with very small damages, as the words were spoken in heat and passion, and never afterwards repeated. The Court, without adverting to any rule applicable to the particular action, and restraining the exercise of their discretion, said they would not grant a new trial for the sake of sixpence damages, in mercy to the plaintiff as well as the defendant. 2 Bl., 851. In another case still later, where the jury had found for the defendant in an action for a libel, but which the judge reported to be against evidence, but that the injury done the plaintiff was so very inconsiderable that he should have thought half a crown, or even a much smaller sum, to have been sufficient damages, the Court overruled the motion for a new trial, saying they ought not to interfere merely to give the plaintiff an opportunity of harassing the defendant at a great expense to himself, where there has been no real damage, and where the injury is so trivial as not to deserve above half a crown compensation. The Court also advert to the cause of action being in the nature of a crime, and its being indictable. Burton v. Thompson, 2 Burr., 664.
The unavoidable inference from these cases is that if there existed any principle or usage restrictive of the power of the Court to award a new trial in actions of slander, either for smallness of damages or *Page 200 
because the defendant had been acquitted, such rule would have formed the ground of decision; it would have been a decisive answer to (259) the application for a new trial, and rendered a discussion of the merits altogether irrelevant.
And it may, with equal probability, be added that if the cases had presented a positive injury sustained by the plaintiff, and a finding of the jury against evidence, the verdicts would both have been set aside, in order that justice might have been done; for it cannot be called ministering to the passions of a man to furnish an opportunity of procuring legal redress to him upon whose character a deep wound has been inflicted.
In the case before us the damage sought, in the opinion of the judge who tried the cause, to have been exemplary, and the verdict was against evidence. We therefore think a new trial should be awarded.